Robert K. Meyer, OSB #086470
888 SW Fifth Avenue, Suite 650
Portland, OR 97204
Phone: (503) 459-4010
Fax: (503) 274-1214
Email: robert@robertmeyerlaw.com

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARTIN NAVARRO**, | Case No. _____ |
| Plaintiff, | |
| v. | COMPLAINT |
| | (TITLE I OF THE ADA 42 U.S.C. §12111, *et. seq.*; ORS 659A.112; ORS 659A.109; 659A.040 ) |
| **VALMONT INDUSTRIES, INC. dba VALMONT,** | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney fees for himself to redress injuries done to him by Defendant, or officers, employees or agents of said Defendant in contravention of his federally protected rights under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), and his state protected rights in violation of Oregon Revised Statutes 659A.112, 659A.109 and 659A.040.

**Jurisdictional Allegations**

2.

This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §2000e-5(f)(3) as incorporated into the ADA by 42 U.S.C. §12117(a).  This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to

42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims. The Court also has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C §1332 as Plaintiff is a citizen of a different state than Defendant and the amount in controversy exceeds $75,000.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

4.

Plaintiff filed timely claims with Oregon's Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC") raising the issues alleged herein.

**General Factual Allegations**

5.

Plaintiff is an Oregon resident.

6.

At all material times, Plaintiff was a qualified individual with a disability, to wit: Plaintiff suffers from a back injury. Despite Plaintiff's disability he was able, with or without accommodation, to perform the essential functions of his position. Defendant knew of Plaintiff's disability at all material times.

7.

Defendant was and is at all times herein mentioned a Delaware Corporation with at least 15 employees and its principal place of business in Omaha, Nebraska.

8.

At all material times, Defendant did business in Tualatin, Oregon, Washington County.

9.

Plaintiff worked for Defendant at its location in Tualatin, Oregon, Washington County.

**2 | Complaint**

10.

At all material times herein, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management to act for Defendant.

11.

Plaintiff worked for Defendant from on or about a date in October of 1999 until his termination on July 1, 2013.

12.

On or about September 8, 2011, Plaintiff injured his back at work. Plaintiff made a workers' compensation claim for his back injury.

13.

Due to Plaintiff's back injury, he became a disabled employee as his injury impacted one or more major life activities, including but not limited to, lifting, working, and performing manual tasks.

14.

On or about January 23, 2012, Plaintiff was released to work with light duty restrictions. Defendant was able to offer reasonable accommodation for Plaintiff's light duty restrictions from the date of his light duty release until his termination.

15.

On or about June 25, 2013, Defendant notified Plaintiff that it had learned Plaintiff's work restrictions were permanent.

16.

On or about July 1, 2013, Defendant terminated Plaintiff's employment. Defendant claimed it no longer had a position available for Plaintiff due to his medical condition. Defendant failed to show Plaintiff a position description, nor did Defendant engage in a reasonable interactive process to assess reasonable accommodation.

17.

Defendant terminated Plaintiff despite the fact it had light duty work available, including the work Plaintiff had performed since he was put on light duty in January of 2012.

## First Claim For Relief

## ADA – Disability/Perceived Disability Discrimination

18.

Plaintiff realleges paragraphs 1 through 17.

19.

As set forth above, from on or about September of 2011 through his termination, Plaintiff had a disability covered by the ADA.

20.

As set forth above, Defendant knew about Plaintiff's disability as of September of 2011.

21.

Alternatively, as set forth above, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

22.

Defendant's termination of Plaintiff was substantially motivated by his disability/perceived disability and constitutes unlawful disability discrimination in violation of the ADA.

23.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.  Plaintiff will continue to have lost income and benefits into the future.

24.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

25.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. §1988 and 42 U.S.C. §2000e-5(k) as incorporated into the ADA by 42 U.S.C. §12117(a).

26.

Plaintiff requests this Court reinstate him to his former position.

27.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages pursuant to 42 USC §1981(b)(1) in an amount to be determined at trial.

**Second Claim For Relief**

**ORS 659A.112 – Disability/Perceived Disability Discrimination**

28.

Plaintiff realleges paragraphs 1 through 27.

29.

During his employment, Plaintiff had a disability as defined by ORS 659A.104.

30.

Defendant knew about Plaintiff's disability as of September of 2011.

31.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

32.

Defendant's termination of Plaintiff was substantially motivated by his disability/perceived disability and constitutes unlawful disability discrimination in violation of ORS 659A.112.

33.

As a result of Defendant's unlawful conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

34.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

35.

Plaintiff is entitled to recover his costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

36.

Plaintiff requests this Court to order Defendant to reinstate him to his former position.

37.

Defendant's conduct was wanton and willful. Defendant should therefore be assessed punitive damages in an amount to be determined at trial.

### Third Claim For Relief

### ADA – Disability/Perceived Disability Retaliation

38.

Plaintiff realleges paragraphs 1 through 37.

39.

Defendant engaged in unlawful disability retaliation in violation of the ADA, including retaliating against Plaintiff for requesting a reasonable disability accommodation.

40.

Plaintiff realleges damages, injunctive relief, costs and attorneys' fees as stated in paragraphs 1 through 39.

### Fourth Claim For Relief

### ORS 659A.109 – Disability/Perceived Disability Retaliation

41.

Plaintiff realleges paragraphs 1 through 40.

42.

Defendant engaged in disability retaliation in violation of ORS 659A.109, including retaliating against Plaintiff for requesting a reasonable disability accommodation.

43.

Plaintiff realleges damages, injunctive relief, costs and attorneys' fees as stated in paragraphs 1 through 42.

### Fifth Claim For Relief

### ADA – Failure to Accommodate/ Engage in the Interactive Process

44.

Plaintiff realleges paragraphs 1 through 43.

45.

Defendant engaged in an unlawful employment practice by failing to engage in the interactive process or make reasonable accommodation for Plaintiff's known physical limitations in violation of the ADA.

46.

Plaintiff realleges damages, injunctive relief, costs and attorneys' fees as stated in paragraphs 1 through 45.

### Sixth Claim For Relief

### ORS 659A.112 and 659A.118 – Failure to Accommodate/ Engage in the Interactive Process

47.

Plaintiff realleges paragraphs 1 through 46.

48.

Defendant engaged in an unlawful employment practice by failing to engage in the interactive process or make reasonable accommodation for Plaintiff's known physical limitations in violation of ORS 659A.112 and ORS 659A.118.

49.

Plaintiff realleges damages, injunctive relief, costs, and attorneys' fees as stated in paragraphs 1 through 48.

//
//
//

### Seventh Claim For Relief

### ORS 659A.040 – Workers' Compensation Discrimination/Retaliation

50.

Plaintiff realleges paragraphs 1 through 49.

51.

Plaintiff engaged in various protected activity under ORS 659A.040, including filing a worker's compensation claim.

52.

Defendant's termination of Plaintiff was substantially motivated by Plaintiff invoking workers' compensation rights and constitutes injured worker discrimination/retaliation in violation of ORS 659A.040.

53.

Plaintiff realleges damages, injunctive relief, costs, and attorneys' fees as stated in paragraphs 1 through 52.

### Eighth Claim For Relief

### ORS 659A.046 - Failure to Reemploy an Injured Worker

54.

Plaintiff realleges paragraphs 1 through 53 above as fully set forth herein.

55.

Defendant engaged in an unlawful employment practice by failing to reemploy Plaintiff in violation of 659A.046.

56.

Plaintiff realleges damages, injunctive relief, costs, and attorneys' fees as stated in paragraphs 1 through 55.

### Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any disability discrimination, retaliation or harassment.
2. For injunctive relief reinstating/reemploying Plaintiff to his former light duty position

        that accommodated his work restrictions;

3.      Economic damages and future losses to be determined at trial;

4.      Non-economic damages to be determined at trial;

5.      Punitive damages in an amount to be determined at trial;

6.      Reasonable costs and attorney fees; and

7.      For such other and further relief as the Court may deem just and equitable.

DATED March 3, 2015.

                                                s/Robert K. Meyer

                                                Robert K. Meyer, OSB No. 086470
                                                Of Attorneys for Plaintiff